UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
Sep 08 2026
ARTHUR JOHNSTON, CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JERMEKA BLAKLEY** **PETITIONER**

**v.** **CIVIL ACTION NO. 2:25-cv-115-TBM-ASH**

**J. CORLESS** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on submission of the Report and Recommendation [30] entered by United States Magistrate Judge Andrew S. Harris on June 16, 2026. Magistrate Judge Harris reviewed Jermeka Blakley's Petition for Writ of Habeas Corpus [1], [4], [9] under 28 U.S.C. § 2254, as well as the Respondent's Motion to Dismiss [29]. Magistrate Judge Harris recommended that the Motion to Dismiss [29] be granted and that Blakley's Petition should be dismissed with prejudice as time-barred. The Petitioner received the Report and Recommendation and filed an untimely Objection [31] on July 8, 2026.

## I. BACKGROUND

Jermeka Blakley was convicted of cocaine trafficking in the Circuit Court of Clarke County, Mississippi. Blakley was sentenced to a term of 20-years imprisonment in the Mississippi Department of Corrections.

Through his trial counsel, Blakley filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial. He alleged that the trial court erred by refusing to allow Donald Ray Arrington, an alleged eyewitness, to testify. But the trial court denied Blakley's request.

After the trial court's denial, Blakley appealed, arguing that (1) the trial court erred in excluding the testimony of Donald Ray Arrington; (2) his indictment was fatally defective because it incorrectly identified cocaine as a Schedule I drug; and (3) the application of the "trafficking"

state court sentencing guideline enhancement was unconstitutional. But the Mississippi Court of Appeals rejected Blakley's arguments. Blakley subsequently filed a motion for a rehearing, which was also denied. Undeterred, Blakley also petitioned the Mississippi Supreme Court for a writ of certiorari, but that was denied in February 2021.

Blakley then sought post-conviction collateral relief in the Mississippi Supreme Court in January 2024. The post-conviction motion said that Blakley had retained new counsel and that the new attorney was filing the post-conviction motion on Blakley's behalf. The post-conviction motion alleged ineffective assistance of trial counsel. But the attorney, whose signature appeared on the motion, quickly told the court that he had not submitted the motion. In response, the Mississippi Supreme Court entered a show cause order, requiring Blakley "to show cause why the motion should not be dismissed as fraudulent and why, as a sanction for fraud on this [c]ourt, Blakley should not be barred from filing another application for leave[.]" [29-4]. Though Blakley responded, the court found that he had not demonstrated good cause. As a result, the court dismissed Blakley's motion as fraudulent.

Now, Blakley seeks relief in this Court. In August 2025, Blakley filed his first "Motion for 2254 Federal Habeas Corpus Relief." *See* [1].[1] In his Petition [9], Blakley challenges his 20-year sentence for cocaine trafficking based on alleged ineffective assistance of trial counsel and a purported *Brady* violation. *See* [9], pps. 5, 7, 8. And Blakley further argues that the one-year statute of limitations under 28 U.S.C. § 2244(d) should not bar his Petition. *Id.* at pps. 13-14. Blakley says

[1] His federal court Petition [1] was a handwritten motion and was not on the proper form. The Court directed Blakley to file his motion "on the proper form and provide the necessary information for the Court to review his habeas claims." [3], p. 1. But rather than completing and filing the correct form, Blakley filed another handwritten petition. *See* [4]. The Court again ordered Blakley to file the correct form, *see* [7], p. 1, and he did so on September 8, 2025. *See* [9].

that his post-conviction relief motion should toll the statute of limitations partially due to "the dispute of a fee [that] arose with the attorney." *Id.* at p. 6.

In response, the Respondent filed a Motion to Dismiss [29], primarily arguing that Blakley's Petition is untimely and cannot be saved by either statutory or equitable tolling. Magistrate Judge Harris then issued a Report and Recommendation [30].

## II. STANDARD OF REVIEW

"[P]arties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo.* Such a review means that the Court will consider the record developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson*, 2015 WL 5089782, at *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review." *Id.* When a *de novo* review is not warranted, the Court need only review the findings and recommendations and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); *see also* FED. R. CIV. P. 72(b).

## III. DISCUSSION

In the Report and Recommendation, Magistrate Judge Harris found that the statute of limitations for Blakley's federal habeas petition expired on July 12, 2022, but that Blakley did not

file his Petition until August 2025. *See* [30], p. 6. Accordingly, Magistrate Judge Harris concludes that, absent statutory or equitable tolling, Blakley's Petition is time-barred. [30], p. 5.

Under 28 U.S.C. § 2244(d), petitioners have a one-year statute of limitations to file a Section 2254 habeas petition. Unless an exception under Section 2244(d) applies, the statute of limitations begins to run when a conviction becomes final, which is at the "expiration of the time for seeking [direct] review." *Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012). Blakley's conviction became final on July 9, 2021. So absent either statutory or equitable tolling, his one-year statute of limitations to file a federal habeas petition expired in July 2022.

In his Report and Recommendation, Magistrate Judge Harris found that neither statutory nor equitable tolling are available to Blakley. As to statutory tolling, a "properly filed" post-conviction collateral relief motion can toll the statute of limitations. 28 U.S.C. § 2244(d)(2). But Magistrate Judge Harris found that Blakley's post-conviction relief motion was not properly filed because it was filed in January 2024, and the statute of limitations lapsed in July 2022. *See* [30], p. 6. Accordingly, it was not properly filed and could not toll the statute of limitations period.

As for equitable tolling, Magistrate Judge Harris liberally construed Blakley's Petition and found that Blakley's claim of abandonment of counsel was a request for equitable tolling. *Id.* at p. 7; *see also Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (explaining that equitable tolling "is appropriate where the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)). But even construing Blakley's Petition liberally, Magistrate Judge Harris found that he is not entitled to equitable tolling because "he has not shown that he pursued

his rights diligently." [30], p. 8. Specifically, he "sought to obtain post-conviction relief in state court two and half years after his conviction became final," and that he "failed to show any other basis for the application of equitable tolling to his untimely petition." *Id.* at pps. 9-10.

Blakley does not specifically object to any findings within the Report and Recommendation. Rather, his Objection merely reurges the allegations in his Petition related to his post-conviction relief motion. *See* [9], p. 6; [31], p. 2. Indeed, Blakley merely asks the Court "to grant [him] equitable tolling because of the abandonment of [his] attorney because it would have been a properly [filed] [post-conviction relief motion]." [31], p. 2. As a result, Blakley's Objection only reasserts the allegations contained in his Petition regarding his post-conviction relief motion and the alleged failure of his attorney. Blakley does not specifically explain how he behaved with due diligence or why he should be entitled to equitable tolling. And in any event, Blakley's post-conviction relief motion would not have been properly filed—even without the alleged error of his attorney—because it was filed nearly two years after the expiration of the statute of limitations for his habeas petition. Further, Blakley does not specifically point out where he believes Magistrate Judge Harris erred, whether it be his fact-finding, legal analysis, or otherwise.

Because Blakley's Objection is not related to any specific finding with the Report and Recommendation, he is not entitled to *de novo* review. Instead, the Court need only review Magistrate Judge Harris' factual and legal findings to determine whether they are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985) (quoting *United States v. United States*

*Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948)). Legal conclusions are contrary to law when the magistrate judge misapplies case law, a statute, or a procedural rule. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014).

Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that Magistrate Judge Harris has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.[2]

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Jermeka Blakley's Objection [31] to the Report and Recommendation of the United States Magistrate Judge Andrew S. Harris is OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that the Report and Recommendation [30] of United States Magistrate Judge Andrew S. Harris is ADOPTED as the opinion of this Court.

IT IS FURTHER ORDERED AND ADJUDGED that Respondent's Motion to Dismiss [29] is GRANTED and Blakley's Petition for Writ of Habeas Corpus [1], [4], [9] is DISMISSED WITH PREJUDICE.

SO ORDERED AND ADJUDGED, this the 8th day of September, 2026.

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**

[2] Even if Blakely's Objection could be construed as specific enough for de novo review, the result would not change. Magistrate Judge Harris meticulously explained why statutory tolling and equitable tolling are not applicable. Also, Magistrate Judge Harris put forward a detailed timeline and the applicable law as to why equitable tolling is not appropriate. The Report and Recommendation would be adopted under any standard of review.